David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiff
Jody Harris

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Jody Harris | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| General Revenue Corporation, | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

1. "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Jody Harris, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of General Revenue Corporation (hereinafter referred to as "Defendant" or "GRC"); with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place while Plaintiff was located in Arizona.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law 15 U.S.C. § 1692(k); and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendants do business within the State of Arizona, County of Maricopa, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

**PARTIES**

12. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

13. Defendants are located in the City of Horseheads, in the State of New York.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

*Alleged Debt*

17. Sometime before March 15, 2015, Plaintiff is alleged to have incurred certain financial obligations.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before March 15, 2015, Plaintiff allegedly fell behind in the payments allegedly owed and defaulted on the alleged debt. Plaintiff currently disputes the validity of this alleged debt.

20. Subsequent to the default, but before March 15, 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

*Collection Abuse*

21. On or about March 29, 2015 Plaintiff received a letter dated 03/15/2015 from USA Funds with a mailing address of PO Box 1022, Wixom, MI 48393-1022. This letter was in regards to an Account #32573917 for Student Loan Debt. The reason for the letter was "Notice of Prior Wage Withholdings".

22. This March 15, 2015 letter included a form that could be completed and returned to Defendant GRC to request a hearing on the impending wage garnishment.

23. On 03/30/2015, Plaintiff faxed a request for a hearing to Defendant GRC and received a confirmation receipt for 11:11 am Arizona Time on 03/30/2015.

24. On or about May 12, 2015 Plaintiff received a "Decision and Order" from an Administrative Law Judge (Debbie LeRoux) in Osage Beach, MO. According to this document a hearing was conducted on May 6, 2015 and Defendant GRC was granted permission to garnish Plaintiff's wages in the amount of 15% of her net disposable income.

25. This is the first time that Plaintiff learned that she was deprived of her right to challenge the wage garnishment.

26. On this same day, May 12, 2015, Plaintiff called Defendant and spoke to several employees to determine what debt they were collecting and the status of her request for a wage garnishment hearing.

27. During this call, Defendant's employee Tabitha claimed a copy of Plaintiff's promissory note was sent to Plaintiff on April 6, 2015 and the hearing notice was sent on April 20, 2015. Plaintiff explained she had never received either document.

28. Defendant's employee then instructed Plaintiff to go online to: loansolutions.usafunds.org and look up her account information. Plaintiff then tried this but her information was not available online.

29. On May 13, 2015 at 8:16 am Arizona Time Plaintiff called the Garnishment Department at GRC and spoke with Christy. Defendant's employee Christy also claimed that a copy of Plaintiff's promissory note was sent to Plaintiff on April 6, 2015 and the hearing notice was sent on April 20, 2015. Plaintiff again explained she had never received either document.

30. Plaintiff then requested that a copy of each of these documents be sent to Plaintiff for her records. Defendant's agent Christy then promised to do so.

31. During the phone conversation on May 13, 2015 with Christy she explained to Plaintiff that after her paycheck has been garnished for 5 months Plaintiff can then call and request to have her account re-evaluated and have her payments lowered.

32. On May 21, 2015 Plaintiff then sent a fax to General Revenue Corporation at 877-414-7966 and explained that she was still waiting for copies of the promissory note that was sent on 04/06/2015 and a hearing notice that was sent to her on 04/20/2015, and that as of May 20, 2015 they had not yet been received. In this fax, Plaintiff also disputed the debt.

33. On or about June 1, 2015, Plaintiff's employer received a letter dated May 25, 2016 proceeding with a wage garnishment.

34. Around this same time, Plaintiff finally received a mailing from Defendant with some of the documents associated with the alleged debt, however, the mailing did not include the alleged April 20, 2015 notice of hearing.

35. On June 25, 2015 a Second Notice of Order of Withholdings from Earnings was sent directly to Plaintiff's employer.

36. On July 6, 2015 Plaintiff sent a fax to 877-827-6927, General Revenue Corporation and also sent the same letter to GRC via certified mail at the 325 Daniel Zenker Dr, Horseheads, NY 14845-1008 address. This letter was requesting again a telephonic hearing regarding her potential wage garnishment.

37. Plaintiff is informed and believes and here upon alleges that Defendant failed to initially send the notice regarding her hearing on the wage garnishment, depriving her of the right to challenge the wage garnishment.

38. Plaintiff is informed and believes and here upon alleges that Defendant purposefully broke their promise to send her a copy of the alleged April 20, 2015 notice of hearing when mailing her documents related to the alleged debt.

39. Plaintiff is informed and believes and here upon alleges that Defendant willfully ignored her request for a hearing and failed to adequately investigate whether notice in fact had been sent in order to proceed with a wage garnishment in violation of her rights.

40. At no time during any of the phone calls did Defendant inform Plaintiff that she had the right to make voluntary payments in order to avoid the wage garnishment.

41. On or about April 20, 2016, since Plaintiff had made more that the five months of garnished payments as Defendant's agent Christy had stated was required, Plaintiff called Defendant in order to reduce her payments.

42. At this time Plaintiff was informed that she had to make five additional payments on top of the amount already being garnished in order to make the wage garnishment stop.

43. This is the first time that Plaintiff realized what Defendant's agent Christy had previously told her in May was incorrect, or purposefully misleading.

44. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

45. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

46. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

47. Through this conduct, Defendant represented or implied that nonpayment of any debt would result in the arrest or imprisonment of a person or the seizure, garnishment, attachment, or sale of property or wages of a person when such action was not lawful. Consequently, Defendant violated 15 U.S.C. § 1692e(4).

48. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

49. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

*Damages*

50. As a result of Defendant's abusive conduct, Plaintiff suffered actual damages including lost wages from an improper wage garnishment as well as mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, shame, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: April 20, 2016         By: */s/ David J. McGlothlin*
                                 David J. McGlothlin
                                 Attorneys for Plaintiff